UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEVEN HILLS FOUNDATION, INC., operating as CROTCHED MOUNTAIN SCHOOL,<br><br>Plaintiff,<br><br>v.<br><br>B.A., as Mother of A.T., BEVERLY PUBLIC SCHOOLS, and THE BUREAU OF SPECIAL EDUCATION APPEALS,<br><br>Defendants. | Case No.: 4:24-cv-40155-MRG |

## ORDER DISMISSING CASE

GUZMAN, D.J.

### I. Introduction

For the reasons stated during the most recent Status Conference [ECF No. 31] and as further explained below, the undersigned finds that this action is now moot and that therefore the Court no longer has subject matter jurisdiction. Accordingly, the case must be dismissed.

### II. Legal Standard

Article III grants the Judicial Branch authority to adjudicate "Cases" and "Controversies." U.S. Const. Art. III, § 2. A case that becomes moot at "any point during the proceedings is no longer a 'Case' or 'Controversy' for purposes of Article III." United States v. Sastrom, 96 F.4th 33, 37 (1st Cir. 2024) (citations and internal quotation marks omitted). A case becomes moot "when the court is

incapable of affording meaningful relief, that is, relief that will ameliorate the harm alleged." Id. (citation omitted).

A claim for injunctive relief becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Roe v. Healey, 78 F.4th 11, 22 (1st Cir. 2023) (citations omitted). Similarly, a claim for a declaratory judgment is moot if "there is no substantial controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Celona v. Scott, No. 15-cv-11759-DJC, 2016 U.S. Dist. LEXIS 47668, at *10 (D. Mass. Apr. 8, 2016) (citations omitted).

If a federal court determines that a case is moot, it must dismiss the action because of a lack of subject matter jurisdiction. See e.g., Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001) ("When a case is moot…dismissal of the action is compulsory") (citations omitted); Celona, 2016 U.S. Dist. LEXIS 47668 at *13-14 ("Because the case is moot, the Court lacks subject matter jurisdiction, and the case must be dismissed.")

### III. Application

Here, Plaintiff's Complaint sought both injunctive relief and a declaratory judgment. [ECF No. 4 at 27]. Specifically, Plaintiff requested injunctive relief enjoining enforcement of the Massachusetts' Bureau of Special Education Appeals ("BSEA") decision or, alternatively, the issuance a stay of that decision. [Id.] Further, Plaintiff sought a judicial declaration that the "stay put" provision contained in 20 U.S.C. 1415 (j) *does not* apply to a private special education school

that initiates an emergency termination of a student in compliance with Massachusetts Department of Elementary and Secondary Education regulations. [Id].

Following the second and final session of an expedited evidentiary hearing, this Court granted Plaintiff's request for injunctive relief, imposing a temporary restraining order that took effect on December 19, 2024. [ECF No. 23]; [ECF No. 28]. Since then, A.T. has not been readmitted to Plaintiff's school and A.T.'s family has withdrawn its original petition with the BSEA. [ECF No. 30 at 4]. Plaintiff has explained that there appears to be no set of circumstances under which A.T. would re-enroll at its school, [id.], a conclusion with which this Court agrees. Accordingly, the Court finds that Plaintiff's claim for injunctive relief is now moot.

The Court further finds that Plaintiff's claim for a declaratory judgment is moot. Under the circumstances, there is simply no good reason for this Court to reach the merits of whether 20 U.S.C. 1415 (j)'s "stay put" provision applies to a private special education school that initiates an emergency termination, purportedly in compliance with state regulations. Indeed, doing so would be tantamount to issuing an advisory opinion on an abstract proposition of law, which this Court must always avoid doing. See e.g., Hall v. Beals, 396 U.S. 45, 48 (1969) ("The case has [] lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law…") (citations omitted).

## IV. Conclusion

In sum, the Court finds that this action is now entirely moot. Accordingly, it lacks subject matter jurisdiction, and it must therefore dismiss the case today.

**SO ORDERED.**

Dated: May 16, 2025

THE HON. MARGARET R. GUZMAN
United States District Judge